USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALENTIN RUIZ VARELA,

                             Petitioner,

-against-

PAMELA BONDI, *in her official capacity as Attorney General*, et al.,

                            Respondents.

7:26 CV 779 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Petitioner Valentin Ruiz Varela ("Petitioner") commenced this action by filing a petition for a writ of *habeas corpus* on January 29, 2026, alleging that United States Immigration and Customs Enforcement ("ICE") is unlawfully detaining him. ("Pet'r Mot.", ECF No. 1.) The Court subsequently issued an order preventing Petitioner's transfer outside of the Southern District of New York while his *habeas* petition remains pending and scheduled a show cause hearing for March 6, 2026.[1] (ECF Nos. 5-6.)

For the following reasons, the Court GRANTS Petitioner's motion.

**FACTUAL BACKGROUND**

Petitioner, a Mexican national, was stopped by several agents as he walked to work in Queens, New York on January 22, 2026. (Pet'r Mot. ¶ 12.) The agents allegedly concealed their identity and Petitioner did not realize he was being detained by ICE agents, and not police officers,

---

[1] The Parties notified the Court by way of an email on March 4, 2026 that the Parties were forgoing a hearing for this action and thus the Court should rely only on the Parties' submissions for its decision. Accordingly, the hearing previously scheduled for March 6, 2026 is cancelled.

1

until he was placed in the agents' vehicle. (*Id.* ¶¶ 12-13.) Petitioner qualifies the stop as "racially motivated." (*Id.*)

Petitioner was subsequently transported to a location in Manhattan, where he and others processed with him were allegedly "lied to" by the agents and "pressured [] to sign documents agreeing to voluntary departure" without permitting a call to family or an attorney beforehand. (*Id.*) According to Petitioner, agents told him that leaving the United States voluntarily would "clean his" record and allow him to return lawfully within six months to a year. (*Id.* ¶ 16.) Petitioner signed the voluntary departure agreement based on this information and was only then allowed to make a phone call. (*Id.* ¶ 17.)

Petitioner was subsequently transported to another location in Manhattan and Orange County Jail, where he remains detained.[2] (*Id.* ¶ 18.)

Petitioner has no criminal record and is father to two U.S.-citizen sons, ages 5 and 7, one of whom suffers from a congenital condition that has required repeated surgery and hospitalization. (*Id.* ¶¶ 10-11.) Petitioner now seeks relief from this Court.

**LEGAL STANDARD**

**I.     Section 2241 Petition**

28 U.S.C. § 2241 "authorizes a district court to grant a writ of *habeas corpus* whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "When a petitioner brings a *habeas* petition [under section] 2241, the petitioner 'bears the burden of proving that he is being held contrary to law; and because the *habeas* proceeding is civil in nature, the

---

[2] Petitioner was previously arrested by U.S. Border Patrol in September 2022 and granted voluntary return to Mexico. While it is unknown when exactly Petitioner re-entered the country, Petitioner states that he has been residing in New York for over three years. (Resp't Opp. at 1; Pet'r Mot. at 3.)

petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Dzhabrailov v. Decker*, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *3 (S.D.N.Y. May 26, 2020) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "The equitable principles governing [section] 2241 are reflected in the plenary discretion vested in *habeas* courts to 'hear and determine the facts, and dispose of the matter as law and justice require.'" *Id.* (alterations omitted) (quoting *Pinkney v. Keane*, 920 F.2d 1090, 1093 (2d Cir. 1990)).

## DISCUSSION

Petitioner moves for immediate and unconditional release. (Pet'r Mot. at 14.) Petitioner argues that he is being unlawfully detained pursuant to § 1225(b)(2), which improperly denies him a bond hearing and violates the Due Process Clause of the Fifth Amendment. (*See generally id.*) Petitioner instead asserts that his detention is governed by § 1226(a), which would entitle him to a bond hearing, on the basis that he was previously released on his own recognizance, has resided in the U.S. for seven years since, and is currently subject to reopened removal proceedings. (*Id.*) In response, Respondents, while acknowledging the Court's prior decision in *Veletanga v. Noem*, No. 25 Civ. 9211 (NSR), 2025 WL 3751865 (S.D.N.Y. Dec. 26, 2025), a similar *habeas* case, contend that detention under § 1225(b)(2)(A) is proper.[3] (Resp'ts Opp. at 1.)

The Court has reviewed the relevant cases from this district and other district courts nationwide, which have overwhelmingly held that 8 U.S.C. § 1226(a) governs cases such as this, where the noncitizen has been present in the United States for a period of time. *See Cardenas v.*

---

[3] Respondents acknowledge that this Court recently resolved nearly identical claims in *Veletanga*, 2025 WL 3751865, at *3-4, holding that an alien in Petitioner's position can be detained only under § 1226(a). Respondents note that they disagree with the Court's decision in *Veletanga*, but recognize that the Court likely will adhere to its prior ruling in this very similar *habeas* action. Accordingly, in their response letter, Respondents note that they "rely upon, and incorporate[] by reference, the legal arguments the government presented in *Veletanga*," obviating the need for further briefing. (Resp'ts Opp. at 3.) Respondents argue that if the Court adheres to *Veletanga*, the proper remedy is an order directing a bond hearing under § 1226(a), not outright release. (*Id.*)

3

*Almodovar*, No. 25-CV-9169, 2025 WL 3215573, at *1–2 (S.D.N.Y. Nov. 18, 2025) (collecting cases and noting that there are "scores of decisions" on "the §1226(a) side of the split"); *see also Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 4, 2025) (collecting cases); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-491 (S.D.N.Y. 2025) (collecting cases). Other courts have reached this conclusion based on, among other things, the overall statutory scheme and the plain language of the two statutes at issue. *See Cardenas*, 2025 WL 3215573, at *2; *Tumba*, 2025 WL 3079014, at *2–5. The Court sees no need to add any further analysis to the broad consensus among courts in the Second Circuit and across the country. Accordingly, this Court likewise concludes that Petitioner may not be detained pursuant to § 1225(b)(2). *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 487 (S.D.N.Y. 2025) ("[Petitioner in *Martinez*] had been residing in the United States for more than two years at the time of his arrest and detention in 2025.…He was not 'seeking admission' at that time and is therefore not subject to § 1225(b). Adopting the reasoning and conclusions set forth in *Martinez*, the Court likewise concludes that Petitioner is not subject to mandatory detention under § 1225(b).") (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025).

Additionally, the Court finds that Petitioner's detention constitutes a Due Process violation. "Freedom from imprisonment—government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *See Cabral v. Decker*, 331 F. Supp. 3d 255, 263 (S.D.N.Y. 2018) (citing *Zadvydas*, 533 U.S. at 690). "It mandates that a person not be detained unless he has been given notice of the case against him and an opportunity to be heard on its merits." *Tejeda Mata v. Francis*, 7:26- cv-00658-KMK (S.D.N.Y. Jan. 28, 2026) (citing *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976)). Here, Respondents have violated this fundamental mandate, as Petitioner has been unlawfully detained without notice or

4

an opportunity to be heard. The remedy for this violation is release from custody. *See Cardenas*, 2025 WL 3215573, at *3 (concluding release is appropriate where petitioner was given no notice or opportunity to be heard).

Accordingly, this Court finds that Petitioner's due process rights have been violated by his prolonged mandatory detention of over a month without a bond hearing.

## CONCLUSION

For the reasons stated above, Petitioner's Petition for the writ of habeas corpus is GRANTED, and Respondents are ORDERED to release him from custody, unconditionally, and certify compliance with this Order by no later than **5:00 p.m. EST** on **March 5, 2026**.

The Clerk of Court is kindly directed to terminate the hearing previously scheduled for March 6, 2026 and this action.

SO ORDERED.

Dated: March 4, 2026
White Plains, New York

Hon. Nelson S. Roman
U.S. District Court Judge, S.D.N.Y.